## Case No. 5,061.

FRANZ & POPE KNITTING-MACH. CO. v. BICKFORD.

[18 O. G. 734.]

Circuit Court, E. D. Pennsylvania. Oct. 31, 1879.

Strawbridge & Taylor and B. F. Thurston, for complainant.

Frost & Coe, for defendant.

McKENNAN, Circuit Judge. The bill in this case is founded upon five several patents. At the argument, however, the complainant limited its claim to recover to two of these patents—viz., reissued patent No. 7,368, to Thomas Crane, dated January 20, 1868; patent to William Franz and William Pope, No. 99,426, dated February 1, 1870. I am satisfied by the proofs in the case that the com-

plainant is entitled to a decree affirming the validity of these patents, and that the defendant is shown to have infringed the second claim of patent No. 7,368 and the fifth claim of patent No. 99,426. Let a decree, therefore, for an injunction and an account be prepared accordingly.

Decree: And now, to wit, October 31, 1879, this cause having been heard upon pleadings and proofs and argument of counsel for the respective parties, it is ordered, adjudged and decreed that letters patent of the United States, reissue No. 7,368, dated October 31, 1876, to Thomas Crane, assignor to the above-named complainant, for improvement in knitting-machines, and letters patent of the United States to William Franz and William Pope, No. 99,426, dated February 1, 1870, for improvements in knitting-machines, are good and valid. That the title to said letters patent and each of them is duly vested in said complainant, and that said letters patent are infringed by the said defendant as to claim 2 of said reissue No. 7,368 and claim 5 of said patent No. 99,426. That the defendant, Dana Bickford, his servants, workmen, agents, clerks, and attorneys, be perpetually enjoined and restrained from making, using, or vending any knitting-machine or apparatus described and claimed in said reissue No. 7,368, claim 2, and original letters patent No. 99,426, claim 5, or either of them. That the complainant do recover of the defendant, Dana Bickford, the profits and gains made and received by him in consequence of the infringement and violation of the exclusive rights of the complainant under said reissue No. 7,368, dated October 31, 1876, and said original letters patent No. 99,426, dated February 1, 1870, together with the damages the said complainant has sustained thereby, together, also, with the costs of prosecution of this cause against said defendant. And this cause is referred to Robert N. Willson, Esq., as master, to compute, ascertain, and assess said profits, gains, and also the damages to the said complainant and to take the proofs thereof and report the same to the court, with leave to the complainant to move the court upon notice to increase said profits and gains and damages that may be assessed and reported by said master.